## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

Lee A. Capalbo

VS.

CA12- 583 M
~~CA. NO.~~

Bank of America, NA

### COMPLAINT FOR DECLATORY JUDGMENT
### AND INJUNCTIVE RELIEF

This claim is brought pursuant to the provisions of the Declaratory Judgment Act and as such fall within the jurisdiction of this Honorable Court.

### <u>The Parties</u>

1. Lee A. Capalbo ("Capalbo") is a resident of the State of Rhode Island. The subject property is located at 72 Haggarty Hill Road, North Kingstown, Rhode Island.

2. Bank of America, NA ("BOA") has a mailing address of 100 North Tryon Street, Charlotte, NC 28255. BOA is allegedly the foreclosing entity.

### <u>Jurisdiction</u>

3. This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of this action is situated within the State of Rhode Island.

5. Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

   a. Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem her mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

b. Plaintiff claims ownership of the latter described premises and seeks to clear her title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

c. Plaintiff claims that only she has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

d. Plaintiff as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, her mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

e. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in her chain of title.

## Facts

6. On October 5, 2001, Capalbo executed a mortgage (the "Mortgage") which named Fleet as Lender and Mortgagee.

7. On or about July 5, 2012, BOA sought relief from the automatic stay in RI Bankruptcy Case No. 12-11379 to foreclose on the subject property.

8. The mortgage was never assigned from Fleet to BOA.

9. Pursuant to R.I.G.L. 34-4-11, I future interest in real property can only transfer through inheritance or conveyance.

10. Corporations cannot dispose of future interests in real property through inheritance.

11. Corporations must dispose of future interests in real property through conveyance.

12. Fleet never conveyed the mortgage to BOA.

13. Fleet never executed and/or recorded an assignment of the mortgage to BOA.

14. BOA never holds the legal interest in the subject property.

15. An assignment of the mortgage without a corresponding negotiation of the promissory note is a nullity.

16. BOA never is the record mortgagee.

17. BOA cannot foreclose on a mortgage that it never acts as mortgagee.

18. BOA had no standing to foreclose.

19. The Mortgage, at page 1, defines the Lender as Fleet.

20. The Mortgage contains language that provides for the Statutory Power of Sale in the event of a default on the note by Capalbo.

21. At Paragraph 15 of the Mortgage, entitled "Acceleration; Remedies", it states that **"On default, Lender may declare all sums secured by this Mortgage immediately due and payable, and Lender may invoke any of the remedies permitted under applicable law, including the STATUTORY POWER OF SALE, if any. If the Property is located in Florida, Lender shall be entitled to collect all costs and expenses incurred in collection or foreclosure, including attorney's fees equal to ten percent (10%) of the principal sum or such larger amount as may be reasonable and just, and also all costs expenses and attorneys' fees incurred in any appellate and bankruptcy proceedings. If Lender invokes a STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender or Lender's designee may purchase the Property at sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage in such order as Lender may determine; and (c) th excess, if any, to the person or persons legally entitled thereto."** (emphasis added)

22. The mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

23. The Lender never invoked the statutory power of sale in this matter.

24. The Lender never mailed a notice of sale to the Borrower.

25. The Lender never published the notice of sale.

26. BOA, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

27. BOA, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

28. The actions taken by BOA are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

29. The foreclosure sale was not noticed or scheduled or advertised as required by the Note and Mortgage.

30. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter.

31. The foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

32. BOA has no standing to foreclose.

33. The Lender in this case was the only party, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

34. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

35. This claim is brought pursuant to the provisions of the Declaratory Judgment pursuant to the act.

36. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

37. The note is current or has been satisfied by another third party.

38. Fleet never negotiated or transferred possession of the promissory note to BOA.

39. The promissory note was never specially endorsed to BOA.

40. BOA does not possess the promissory note.

41. BOA does not have the right to enforce the promissory note.

42. The note is no longer recognized as an asset or account receivable of Fleet.

43. The note was no longer recognized as an asset or account receivable of BOA.

44. BOA does not hold the note.

45. The subject mortgage was securitized.

46. The securitized Trust is never identified.

47. Once a loan is securitized it forever loses its security.

48. Pursuant to Internal Revenue Code 860, Defendants utilized Special Purpose Vehicles to pass through taxation to the shareholders of the securitized trust.

49. The shareholders are the real party in interest to the note not the Defendants.

50. Pursuant to FAS 140, once an asset is sold, the seller forever loses the ability to control the asset.

51. Defendant Trustee does not have the right to control assets of the trust.

52. A promissory note is only enforceable as a whole. It is not enforceable when the note is broken into pieces and distributed amongst a number of shareholders.

53. Once securitized the note becomes stock.

54. The mortgage is unsecured.

55. The mortgage is void due to fraud.

56. The mortgage is void pursuant to R.I.G.L. 34-11-1.

57. The mortgage is unsecured pursuant to R.I.G.L. 34-4-11.

58. The note is void due to fraud.

59. The non-existence of a default on the promissory note is not a prerequisite to remedies under the Quieting Title statute.

60. Once a loan goes into default it gets written off.

61. Once an asset is written off, tax credits are given by the IRS.

62. Once the defendants received tax credits from the IRS the loan is settled and the note satisfied.

63. The Defendants purchased and seek to enforce a satisfied note.

64. Plaintiffs have standing to challenge title and all assignments of the subject mortgage.

65. Plaintiffs have standing to clear title pursuant to R.I.G.L. 34-16-4.

66. Plaintiffs have standing to challenge all assignments and foreclosure deeds pursuant to R.I.G.L. 34-16-4.

## COUNT I
## Declaratory Judgment

67. The Plaintiff herein reincorporates paragraphs 1-66 as if they are fully articulated herein.

68. By virtue of these facts and the legal consequence thereof, the foreclosure failed to vest title in BOA or the successful bidder at the foreclosure sale.

69. Capalbo owns the subject property.

**WHEREFORE**, Plaintiffs  pray this Court to issue an order, pursuant to the

Uniform Declaratory Judgment Act, as follows:

    a.  That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.
    b.  That the Court finds that Plaintiff owns the property as a matter of law.
    c.  That the foreclosure sale be voided.
    d.  Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.
    e.  That the Court or other trier of fact order the defendants to pay Plaintiff's damages, which it deems appropriate.
    f.  Declare the conveyance void pursuant to R.I.G.L. §34-11-1.
    g.  Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.
    h.  Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.
    i.  That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Plaintiff
By her Attorneys,

George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

## COUNT II
## Quieting Title
## Rhode Island General Law §34-16-5

70. The Plaintiff herein reincorporates paragraphs 1-69 as if they are articulated herein.

71. The real estate at issue is a residential property located at 72 Haggarty Hill Road, North Kingstown, RI.

72. BOA or its successors claim to have the right to foreclose on the property.  The address of BOA is set forth hereinabove.

73. Plaintiffs purchased the property on August 12, 1998.

74. BOA or the successful bidder at the foreclosure sale took a foreclosure deed.

**WHEREFORE**, Plaintiffs pray for the following relief:
   a.  That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.
   b.  That the Court finds that Plaintiff owns the property as a matter of law.
   c.  That the Court order any foreclosure sale voided.
   d.  That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.
   e.  That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Plaintiff
By her Attorneys,

George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

Dated:

**The Plaintiff Demands a Trial by Jury.**